## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| H.T. SMITH, | : | PRISONER CIVIL RIGHTS |
| #1811338, | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:18-CV-3294-AT-CMS |
| UNNAMED DEFENDANT, | : | |
| Defendant. | : | |

## FINAL REPORT AND RECOMMENDATION

Every plaintiff who institutes a new civil action or habeas matter in federal court is required either to pay the applicable case initiation fees or request permission to proceed *in forma pauperis* ("IFP") at the outset the case. *See* 28 U.S.C. §§ 1914 & 1915.

Pursuant to federal law, "a prisoner bring[ing] a civil action . . . shall be required to pay the full amount of the filing fee," even if she is granted permission to proceed IFP at the outset of her case. 28 U.S.C. § 1915(b)(1). So that the court may collect the full filing fee in installments from a prisoner-plaintiff, IFP application forms typically require each prisoner to sign an "Authorization For Account Withdrawal," permitting withdrawals from her inmate account. *See, e.g.*, http://www.gand.uscourts.gov/system/files/Prisoner_In_Forma_Pauperis_form.pdf.

The prisoner-plaintiff in this case is H.T. Smith.  At present, Smith is incarcerated in the Fulton County Jail, following his recent release from Johnson State Prison.

While incarcerated, Smith has initiated half-a-dozen civil rights actions and habeas corpus matters in federal court, and the requirement that he either pay the applicable filing fees or submit an IFP application (with a completed payment authorization) at the outset of each case has been fully-explained to him on at least two prior occasions.  *See Smith v. Caldwell*, No. 3:18-CV-32-DHB (S.D. Ga. 2018); *Smith v. Caldwell*, No. 3:18-CV-22-DHB (S.D. Ga. 2018).  Indeed, Smith knows or should know that both of those cases were dismissed when he failed (or refused) to return IFP applications (with completed payment authorizations), even after additional copies of the IFP application forms were provided to him and he was afforded an additional 30 days in each case to do so.  *See id.*

As the United States Court of Appeals for the Eleventh Circuit has noted, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal."  *Attwood v. Singletary*, 105 F.3d 610, 613 (11t h Cir. 1997); *see also Daker v. Kemp*, No. 15-13179, 2016 U.S.

App. LEXIS 23640, at *7 (11th Cir. Dec. 19, 2016) ("bad faith and a history of manipulation may support a district court's denial of IFP status").  This is so because "[t]he goal of dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests."  *In re Sindram*, 498 U.S. 177, 179-80 (1991).

Here, there can be little question that when Smith initiated this case, he was aware that he needed either to pay the $400 due in case initiation fees or to submit an IFP application (with a completed payment authorization).  That Smith did neither–even after he had two previous cases dismissed for failure to pay fees or submit IFP applications–warrants a finding that he has engaged in bad faith or manipulative tactics to avoid either paying the case initiation fees or authorizing the withdrawal of the filing fees from his inmate account.  In light of this history and pattern of non-compliance with court rules and court orders, little purpose would be served by sending Smith another IFP application form and affording him additional time to submit an IFP application.

3

Accordingly, I **DENY** Smith permission to proceed IFP in this case and I **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE**.

I have recommended dismissal without prejudice because I conclude that this is the minimum adequate sanction necessary to prompt Smith to take seriously in the future the requirement that he either pay the case initiation fees or submit a complete IFP application (with a payment authorization) each time he initiates a new civil action or habeas matter. *See generally Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). To the extent that Smith believes he has stated claims in this case that are worth incurring an obligation to pay the $350 filing fee to pursue, he will be free to refile those claims when he is prepared to file simultaneously an IFP application (with a completed payment authorization).

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO ORDERED, RECOMMENDED, AND DIRECTED**, this 14th day of September, 2018.

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

**4**